**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

Oludayo Ashipa,

    Petitioner,

    v.                                      Case No. 1:08cv879

Warden, Chillicothe Correctional        Judge Michael R. Barrett
Institution,

    Defendant.

## ORDER

Before the Court is the August 5, 2009 Magistrate Judge's Report and Recommendation ("R&R") (Doc. 24) denying Petitioner's Motion "to Stay and Abey Habeas Corpus Proceedings" (Doc. 3) and Motion for Rule 11 Sanctions (Doc. 23). Also before the Court is Petitioner's appeal of the Magistrate Judge's Order denying Petitioner's Motion to Appoint Counsel (Doc. 12), and denying his Motion to Compel (Doc. 17). (Doc. 28)

The parties were given proper notice, pursuant to 28 U.S.C. § 636(b)(1)(C), including notice that the parties would waive further appeal if they failed to file objections to the R&R in a timely manner. *See United States v. Walters,* 638 F.2d 947 (6th Cir. 1981). Petitioner filed timely objections to the R&R. (Doc. 27)

**I.**     **BACKGROUND**

Petitioner brings this *pro se* habeas corpus action pursuant to 28 U.S.C. § 2254. On August 5, 2009, the Magistrate Judge entered an R&R denying Petitioner's Motion "to Stay and Abey Habeas Corpus Proceedings" and Motion for Rule 11 Sanctions. On the same day, the Magistrate Judge entered an Order granting Petitioner's Motion for Judicial

Notice and Respondent's Motion for Leave to File Documents; denying Petitioner's Motion for Appointment of Counsel and Motion to Compel; and granting Petitioner's Motions for Extension of Time.

Petitioner objects in part to the R&R, arguing that the Magistrate Judge erred in denying his Motion for Sanctions. In support of this position, Petitioner repeats his arguments made in the Motion for Sanctions, which are that Respondent has filed an "evasive return of writ" and "over 3,500 pages plus documents/Exhibits" are missing from the record.

Petitioner also appeals the Magistrate Judge's Order to the extent it denies his Motion to Appoint Counsel and Motion to Compel. Petitioner argues that the Magistrate Judge's decision to deny him appointed counsel is based upon an incomplete record and because an evidentiary hearing will be necessary in this matter, an appointment of counsel is required. As to the denial of Petitioner's Motion to Compel, Petitioner argues that it is uncontested that the record is incomplete and "the state is still withholding 3,500 plus pages of state trial record."

### III. ANALYSIS

#### A. Standard of Review

Federal Rule of Civil Procedure 72(a) provides that a district judge shall consider a party's objections to a magistrate's order on nondispositive matters and "shall modify or set aside any portion of the magistrate's order found to be clearly erroneous or contrary to law." As this Court has previously recognized, the clearly erroneous standard "mandates that the district court affirm the magistrate's decision unless, on the entire evidence, it 'is left with the definite and firm conviction that a mistake has been committed.' In the

absence of clear error, the magistrate's order must stand." *Bank One Columbus, Ohio, N.A. v. First Financial Ventures, LLC*, 2001 WL 840310, *3 (S.D.Ohio 2001), *quoting Farley v. Farley*, 952 F.Supp. 1232, 1235 (M.D.Tenn. 1997) (internal citations omitted).

Federal Rule of Civil Procedure 72(b) provides that when objections are received to a Magistrate Judge's R&R on a dispositive matter, the assigned District Judge "must determine de novo any part of the magistrate judge's disposition that has been properly objected to."

### B. Magistrate Judge's R&R (Doc. 24)

The Court finds that the Magistrate Judge did not err in denying Petitioner's Rule 11 Motion for Sanctions. The Sixth Circuit has explained that "[t]he test for the imposition of Rule 11 sanctions is whether the litigant's conduct was reasonable under the circumstances." *U.S. v. $515,060.42 in U.S. Currency*, 152 F.3d 491, 507 (6th Cir. 1998) (citation omitted). As the Magistrate Judge noted in the R&R, it appears that Respondent has reasonably complied with the Show Cause Order entered on January 7, 2009. (Doc. 4) Respondent filed the Return of Writ (Doc. 16), which includes approximately 1,205 pages. Therefore, the Court finds that there is no error in the Magistrate Judge's R&R.

### C. Magistrate Judge's Order (Doc. 25)

Similarly, the Court finds that the Magistrate Judge's denial of Petitioner's Motion to Compel was not clearly erroneous or contrary to law. As the Magistrate Judge noted in his Order, the ninety-eight exhibits submitted by Respondent in the Return of Writ provide sufficient information for the Court to adjudicate Petitioner's claims. Moreover, the Magistrate Judge noted that if the Court determines at a later point that more information is necessary, Respondent will be required at that time to produce any additional

documents.

Finally, the Court finds that the Magistrate Judge's denial of Petitioner's Motion for Appointment of Counsel was not clearly erroneous or contrary to law. As the Magistrate Judge noted, there is no constitutional right to counsel in *habeas* proceedings. *Cobas v. Burgess*, 306 F.3d 441, 444 (6th Cir. 2002). The Magistrate Judge explained, at this time it appears that the issues to be decided will be straightforward and capable of resolution on the record, but if an evidentiary hearing is required, an attorney will be appointed at that time.

## IV. CONCLUSION

Upon *de novo* review of the Magistrate Judge's R&R, the Court finds no error. Accordingly, the August 5, 2009 Magistrate Judge's Report and Recommendation (Doc. 24) is hereby **ADOPTED**. The Court does not find the Magistrate Judge's Order denying Petitioner's Motion to Appoint Counsel (Doc. 12) and denying his Motion to Compel (Doc. 17) (Doc. 28) to be clearly erroneous or contrary to law. It is hereby **ORDERED** that:

1. Petitioner's Motion "to Stay and Abey Habeas Corpus Proceedings" (Doc. 3) is **DENIED**;

2. Petitioner's Motion for Rule 11 Sanctions (Doc. 23) is **DENIED**; and

3. Petitioner's objections to the Magistrate Judge's Order denying Petitioner's Motion to Appoint Counsel (Doc. 12) and denying his Motion to Compel (Doc. 17) (Doc. 28) are **OVERRULED**.

**IT IS SO ORDERED.**

                                          */s/ Michael R. Barrett*
                                          Michael R. Barrett, Judge
                                          United States District Court