# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

OLUDAYO ASHIPA,

    Petitioner,

:

Case No. 1:08-cv-879

-vs-

:

District Judge Michael R. Barrett
Magistrate Judge Michael R. Merz

ROBYN KNAB, Warden,

    Respondent.

:

## SUPPLEMENTAL REPORT AND RECOMMENDATIONS

This habeas corpus action is before the Court on Petitioner's Objections (Doc. No. 42) to the Magistrate Judge's Report and Recommendations (Doc. No. 38) recommending that the Petition be dismissed with prejudice. The General Order of Reference for the Dayton location of court permits a magistrate judge to reconsider decisions or reports and recommendations when objections are filed.

### Ground One

In his first Ground for Relief, Petitioner asserts that he was re-sentenced in the trial court on May 9, 2006, before the Ohio Supreme Court had issued its mandate of remand. Therefore, he claims, the trial court was without jurisdiction to sentence him.

The Magistrate Judge recommended this Ground be dismissed with prejudice because it does

not state a cognizable claim: whether or not the Common Pleas Court had jurisdiction to re-sentence Petitioner, as it had been directed to do, before the Ohio Supreme Court mandate issued, is purely a question of Ohio law. The Magistrate Judge also recommended the claim be dismissed as procedurally defaulted. (R&R, Doc. No. 38, PageID 1746-1748.)

Petitioner objects to the procedural default analysis, claiming he raised this point for the first time before he was re-sentenced, citing to the Transcript of Hearing on Re-Sentencing, (Return of Writ, Exhibit 12, PageID 7, line 2). When one reads the context of Mr. Ashipa's use of the word "jurisdiction" at the place cited, it is plain he is making the argument that the trial court did not have subject matter jurisdiction because the indictment had been changed without taking the case back to the grand jury. Nothing is said about the mandate. Petitioner admits (Objections, Doc. No. 42, PageID 1788) that the first time he raised this question in the Court of Appeals was on his Application for Reopening under Ohio R. App. P. 26(A), **not** on his direct appeal from the resentencing.

On the substance of Ground One, Petitioner claims that the Supreme Court has held habeas is available for claims of lack of jurisdiction, citing *Reed v. Farley*, 512 U.S. 339, 354, n. 13. The words "lack of jurisdiction" at the place cited are from *United States v. Addonizio,* 442 U.S. 178 (1979), and in both places the Supreme Court is discussing the scope of the remedy in 28 U.S.C. § 2255 – which relates to federal convictions – and not § 2254, which relates to state convictions.

Petitioner also cites *Yellowbear v. Wyoming Attorney General*, 525 F.3d 921 (10th Cir. 2008), for the uncontroversial proposition that "[a]bsence of jurisdiction in the convicting court is indeed

a basis for federal habeas corpus relief cognizable under the due process clause." 525 F.3d at 924.[1]

It is evident on the face of the record that, prior to the re-sentencing, to wit, on May 3, 2006, the Ohio Supreme Court affirmed the judgment of the Court of Appeals on the authority of *State v. Foster*, 109 Ohio St. 3d 1 (2006), and ordered that "a mandate be sent to the Court of Common Pleas for Hamilton County to carry this judgment into execution." (Ohio Supreme Court Judgment Entry, Ex. 39 to Return of Writ, Doc. No. 16, PageID 573). It is also true as a matter of fact that the Supreme Court mandate did not issue before the resentencing. But Petitioner was denied nothing of substance by the trial court's anticipating the mandate; there is no claim the Common Pleas Court did not follow the judgment of the Supreme Court. *Compare State, ex rel Heck, v. Kessler*, 72 Ohio St. 3d 98, 647 N.E. 2d 792 (1995).

It has long been held that violations of state procedural rules do not all rise to the level of violations of the Due Process Clause. "A state cannot be said to have a federal due process obligation to follow all of its procedures; such a system would result on the constitutionalizing of every state rule, and would not be administrable." *Levine v. Torvik*, 986 F.2d 1506, 1515 (6th Cir.1993). Petitioner has presented no Ohio Supreme Court authority directly holding that the Common Pleas Court here could not proceed in anticipation of the mandate. Even assuming that is the law of Ohio, the failure to follow it in this case did not deprive Petitioner of due process of law in violation of the United States Constitution.

It is therefore again respectfully recommended that Ground One be dismissed with prejudice, both as procedurally defaulted and as without constitutional merit.

---

[1] In *Yellowbear*, the question was one of territorial jurisdiction – whether the crime happened in Indian country and was therefore within federal jurisdiction because it was a felony or whether it happened in Wyoming.

## Ground Two

In Ground Two, Petitioner asserts his sentence, imposed on remand following *State v. Foster*, 109 Ohio St. 3d 1, 845 N.E. 2d 470 (2006). violates his rights under the Ex Post Facto Clause of the United States Constitution. Having analyzed this argument in the Report and Recommendations, the Magistrate Judge noted that this Court has repeatedly held that the severance decision in *Foster* is not unconstitutional either under the Ex Post Facto Clause or the Due Process Clause (R&R, Doc. No. 38, PageID 1751).

Petitioner objects that the Magistrate Judge made a "facial" analysis and the Petition calls for an "as applied" analysis, relying on *United States v. Turner*, 548 F.3d 1094 (D.C. Cir. 2008) (Objections, Doc. No. 42, PageID 1793). *Turner* held that applying the 2006 U.S. Sentencing Guideline Manual to a conspiracy which ended in 2001 violated the Ex Post Facto Clause because the 2004 amendment at issue raised the Guideline range from 21-27 months to 33-41 months, thus creating a substantial risk that the defendant's sentence would be more severe if the later Manual were used. *Michael v. Ghee*, 498 F.3d 372 (6th Cir. 2007), considered the retroactive application of new parole board guidelines and held "After Garner, the relevant inquiry, therefore, is not whether the challenged parole regulation is a 'law' or whether the guidelines present a significant risk of increasing the plaintiff's maximum penalty, but rather whether the new guidelines present a significant risk of increasing the plaintiff's amount of time actually served." *Id..* at 383.

Both before and after *Foster*, Ohio has had a system of determinate sentencing. That is, the

-4-

sentencing court picks a sentence from the statutory range adopted by the General Assembly and the defendant serves the sentence imposed without being later subject to release by a parole board. This contrasts with the system of indeterminate sentencing for felony offenses which prevailed in Ohio before adoption of Senate Bill 2 in 1996 where an offender was sentenced to a sentence of, for example, 8 to 25 years for aggravated robbery, with the ultimate amount of time served being determined by the Adult Parole Authority. Under S.B. 2 before *Foster*, trial judges picked a determinate sentence but were required to justify any sentence above the concurrent minimum sentence with particular findings of fact. *Foster* eliminated the requirement for findings of fact, but did not change the maximum sentence to which an offender was subject upon conviction of a particular offense. To put it another way, after *Foster* Mr. Ashipa did not face a substantial risk of a longer sentence than before. His "as applied" argument is unavailing and Ground Two should be dismissed with prejudice.

## Ground Three

In Ground Three Petitioner asserts that the sentence deprives him of his rights to merger of sentences under Ohio Revised Code § 2941.25 and his Double Jeopardy rights under the Fifth Amendment.

The Report recommends that the first part of this Ground for Relief relating to Ohio Revised Code § 2941.25 is not cognizable in federal habeas corpus because it raises a question of state law only. Petitioner objects that a claim under Ohio Revised Code § 2941.25 has been recognized as cognizable, citing *Spence v. Sheets*, 675 F. Supp. 2d 792 (S.D. Ohio 2009)(Watson, D.J.; King,

M.J.); *Palmer v. Haviland*, 2006 WL 1308219 (S.D. Ohio May 11, 2006)(Weber, D.J.); and *Henderson v. Sheets*, 2009 WL 4261862 (Holschuh, D.J.; King, M.J.).  In *Spence* this Court did not hold that Ohio Revised Code § 2941.25 claims are cognizable in habeas corpus.  Instead, Judge King noted that the Ohio statute "is based on concerns arising from the Double Jeopardy Clause."  675 F. Supp. 2d at 824.  She then proceeded to decide the claim for relief under the Double Jeopardy Clause, not under the Ohio Revised Code.  In *Palmer*, the only claim presented in and decided by the federal court was the Double Jeopardy claim; Judge Weber determined it was preserved for federal review because the state Court of Appeals understood it was deciding that issue.  *Palmer* at *6-*7.  In *Henderson*, Judge King decided only a Double Jeopardy claim, although she had recourse to the state court's analysis under Ohio Revised Code § 2941.25 to determine whether the state legislature intended kidnaping and rape to be separately punishable. *Id..* at *14.

As to the Double Jeopardy claim which is cognizable generally in federal court, the Report and Recommendations found that Petitioner had not fairly presented this claim to the state courts because he did not mention double jeopardy in his brief to the Ohio Court of Appeals.  Petitioner claims he satisfied the fair presentation requirement by mentioning the "Fifth Amendment." (Objections, Doc. No. 42, PageID 1799).  Of course the Fifth Amendment includes the Double Jeopardy Clause, the Due Process Clause, the Grand Jury Clause, the Privilege Against Self-Incrimination, and the Takings Clause.  Which one did Petitioner intend by his blanket citation of the Fifth Amendment?  If a talismanic citation to "due process is insufficient for fair presentation (See  *Slaughter v. Parker,* 450 F.3d 224, 236 (6th Cir. 2006);*Franklin v. Rose,* 811 F.2d 322 at 326 (6th Cir. 1987); and *McMeans v. Brigano,* 228 F.3d 674, 681 (6th Cir. 2000), *citing Petrucelli v. Coombe*, 735 F.2d 684, 688-89 (2d Cir. 1984)), plainly just citing the Fifth Amendment is

insufficient.

In the alternative, the Report recommends denial of this claim on the merits, analyzing it under the *Blockburger* test. *Blockburger v. United States*, 284 U.S. 299 (1932). Petitioner objects that the *Blockburger* test is not applicable where the state courts have determined that the state legislature did not intend to impose separate punishments for two different offenses. (Objections, Doc. No. 42, PageID 1800). Mr. Ashipa cites *State v. Williams*, 124 Ohio St 3d 381 (2010); *State v. Underwood*, 124 Ohio St. 3d 365 (2010); *State v. Harris*, 122 Ohio St. 3d 373 (2009); *State v. Winn*, 121 Ohio St. 3d 413 (2009); and *State v. Brown*, 119 Ohio St. 3d 447 (2008). None of these cases holds that theft is a lesser included offense of identity fraud.

In the "Third Sequence" of his Objections, Petitioner objects that the Magistrate Judge did not deal with his sub-claim regarding the trial court's "chopping various components of a sing pattern of corrupt activity into separate patterns (Doc. No. 42, PageID 1804, citing Traverse, Doc. No. 35, PageID 1656-1657). Petitioner admits he pled guilty to a single count of engaging in a pattern of corrupt activity. He only received one sentence for that conviction. The Court does not understand his claim that this was somehow "chopped up" into different patterns since it did not involve more than one sentence under the state RICO count.

**Ground Four**

No further analysis is required on this Ground for Relief.

**Ground Five**

-7-

No further analysis is required on this Ground for Relief.

**Ground Six**

In Ground Six Petitioner claims he was denied his substantive and procedural due process rights when he was subjected to "mechanical" sentencing. That is, he asserts he is constitutionally entitled to "an individualized assessment of [his] particular ... culpability." (Objections, Doc. No. 42, PageID 1819, citing *United States v. Barker*, 771 F. 2d 1362 (9th Cir. 1985). *Barker* does not hold that there is a constitutional right to individualized assessment. Instead, it holds that a federal trial judge abuses his discretion in a multi-defendant case in failing to consider the defendants separately. *Williams v. New York*, 337 U.S. 241 (1949), also cited by Petitioner, held there was no due process violation when a state court in imposing a death sentence for murder, relied on evidence not presented to the jury, and does not support Petitioner's position. *Williams v. Oklahoma*, 358 U.S. 576 (1959), also decided an entirely different question.

**Ground Seven**

In Ground Seven Petitioner claims the benefit of the rule of lenity, arguing this entitles him to minimum, concurrent sentences. No further analysis is needed on this claim.

**Ground Eight**

In Ground Eight Petitioner claims his plea was involuntary. No further analysis is needed on this claim.

### Ground Nine

In Ground Nine Petitioner complains that the trial court violated both his Equal Protection rights and his Fourteenth Amendment "mandate rule" rights when it imposed the sentence it did on remand. No further analysis is needed on this claim.

### Ground Ten

In his tenth Ground for Relief, Petitioner asserts that the trial court violated his due process rights by permitting amendment of the indictment and his counsel provided ineffective assistance when he did not object. No further analysis is needed on this claim.

### Grounds Eleven and Twelve

In Ground Eleven, Petitioner combines claims under the Fourth and Sixth Amendments, to wit, that the search warrant affidavit in suit was perjured and the warrant should therefore have been quashed and that his attorney would have uncovered sufficient evidence to do that had he provided effective assistance. In his twelfth Ground for Relief, Petitioner asserts his trial counsel provided ineffective assistance when he failed to request exculpatory evidence. The Magistrate Judge found

these claims to be procedurally defaulted (Report and Recommendations, Doc. No. 38, PageID 1765-1767). No further analysis is needed on these claims.

### Ground Thirteen

In Ground Thirteen Petitioner claims he received ineffective assistance of appellate counsel when counsel failed to assign as error that the judgment entry of June 11, 2007, was not a final appealable order in that it did not conform to Ohio Crim. R. 32(C). The Ohio Court of Appeals held that there was no ineffective assistance of appellate counsel in that the judgment entry did conform to the rule. The Magistrate Judge recommended denying this claim on the merits because the Court of Appeals decision on this point was not an objectively unreasonable application of clearly established federal law (Report and Recommendations, Doc. No. 38, PageID 1768-1769).

Petitioner objects that the Court of Appeals decision was too brief to satisfy Ohio R. App. P. 26(B). But the amount of consideration required to be given to such an application is a matter of state, not federal law. The United States Constitution does not mandate any collateral review process for claims of ineffective assistance of appellate counsel.

Even if this Court were to find that the Court of Appeals decision on this point were not entitled to AEDPA deference, the result would be no different. Since the judgment entry in question satisfied Ohio Crim. R. 32(C), it cannot have been ineffective assistance of appellate counsel to fail to claim that it did not.

### Ground Fourteen

In Ground Fourteen, Petitioner asserts he received ineffective assistance of appellate counsel in that his appellate counsel did not make a claim that the *Foster* remedy violated Petitioner's due process and ex post facto rights. The Magistrate Judge concluded this claim was precluded by the finding of the Ohio Court of Appeals that these claims were in fact not omitted from the direct appeal (Report and Recommendations, Doc. No. 38, PageID 1769). No further analysis is needed on this claim.

### Ground Fifteen

In Ground Fifteen Petitioner argues that he received ineffective assistance of appellate counsel when his appellate counsel failed to argue for merger of his convictions under Ohio Rev. Code § 2941.25 and failed to raise a Double Jeopardy claim. The Magistrate Judge rejected the Double Jeopardy claim for reasons already stated. As to the Ohio Revised Code § 2941.25 argument, the Report concluded it would have been barred by Ohio's criminal *res judicata* doctrine. (Report and Recommendations, Doc. No. 38, PageID 1770-1771). Petitioner offers no analysis of why that would not have been the result, except to argue that Ohio Courts of Appeals are always bound to give substantive review to the asserted underlying assignments of error made in an Ohio R. App. P. 26(B) application. That simply is not true. Those courts must review so much of the merits as is necessary to determine if the omission of the assignment constituted conduct below professional standards unless they can decide that no prejudice resulted from the omission.

### Ground Sixteen

In Ground Sixteen Petitioner argues he received ineffective assistance of appellate counsel when his appellate attorney failed to raise as an assignment of error the failure to the trial court to apply the rule of lenity.  The Magistrate Judge concluded this Ground was without merit because the Court of Appeals found this assignment of error had in fact been pled and rejected (Report and Recommendations, Doc. No. 38, at PageID 1771).  No further analysis is needed on this claim.

## Conclusion

The Magistrate Judge again respectfully recommends that the Petition be dismissed with prejudice and Petitioner be denied leave to appeal *in forma pauperis* and any requested certificate of appealability.

June 15, 2010.

s/ **Michael R. Merz**<br>
United States Magistrate Judge

### NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations.  Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See United States v. Walters*, 638 F. 2d 947 (6th Cir., 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).