# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

Oludayo Ashipa,

      Petitioner,

    v.                      Case No. 1:08CV879

Robyn Knab, Warden             Judge Michael R. Barrett

                                 Magistrate Judge Michael R. Merz

      Respondent.

## OPINION AND ORDER

This matter is before the Court on United State Magistrate Judge Michael R. Merz's  Report and Recommendations (Doc. 38), Supplemental Report and Recommendations (Doc. 45), Decision and Order Denying Motion to Certify (Doc. 44) and Supplemental Memorandum Opinion on Motion to Certify (Doc. 47).  Petitioner timely filed Objections to the Report and Recommendation (Doc. 42), Objections to the Supplemental Report and Recommendations (Doc. 51), and Objections to the Decision and Order Denying Motion to Certify (Doc. 46).  Petitioner also untimely filed Objections to the Supplemental Memorandum Opinion on Motion to Certify.  (Doc. 51).

Upon consideration of the foregoing, the Court determines that the Report and Recommendations (Doc. 38) and the Supplemental Report and Recommendations (Doc. 45) should be and are hereby adopted.  The Court also determines that the Decision and Order Denying Motion to Certify (Doc. 44) and the Supplemental Memorandum Opinion on Motion to Certify (Doc. 47) should be and are hereby

1

adopted.

## I.    <u>BACKGROUND</u>

The full procedural history of this case is set forth in Respondent's Answer/Return of Writ.  (Doc. 16).  Thus, the Court will provide only a brief summary here.

Petitioner Oludayo Ashipa pled to and was convicted in two consolidated cases in the Hamilton County Court of Common Pleas of two counts of theft, two counts of identity fraud, and one count of engaging in a corrupt enterprise.  In the first case, Petitioner was sentenced to seventeen (17) months for one count of theft and to four (4) years for one count of identify fraud, to be served concurrently.  In the second case, Petitioner was sentenced to seventeen (17) months for one count of theft, four (4) years for one count of identify fraud, and six (6) years for one count of engaging in a corrupt enterprise, to be served concurrently.  The sentence in the second case, however, was made consecutive to the sentence in the first case, which meant Petitioner's aggregate prison sentence was ten (10) years.

After a series of appeals, Petitioner was re-sentenced to the same sentence as before after the Ohio Supreme Court remanded the case for re-sentencing on the basis of *State v. Foster*, 109 Ohio St. 3d 1, 845 N.E.2d 740 (2006).  In *Foster*, the Supreme Court held that various Ohio statutory provisions that mandated judicial fact-finding for purposes of increasing presumptive sentences were unconstitutional.  *Id.* at 30.  The Court therefore severed the unconstitutional aspects of the statutes, including portions that required such fact-finding.  *Id.*   Lower courts, however, still had full discretion to impose a prison term within the ranges prescribed by the sentencing statute based

upon a jury verdict or admission by the defendant without the mandated judicial findings.  *Id.*

Petitioner appealed the re-sentencing, setting forth various assignments of error. The court of appeals granted one assignment or error and remanded the case for re-sentencing in accordance with the post-conviction-control sanction laws.  The remainder of the counts were denied.  Petitioner appealed, and ultimately, the Supreme Court dismissed his appeal as "not involving any substantial constitutional question."  (Doc. 16, Ex. 65).

Petitioner then filed a second appeal of his re-sentencing, an application for re-opening under App. R. 26(A) and 26(B), and an application for delayed appeal in which he again set forth various assignments of error.   All of these appeals were ultimately denied or dismissed by the state courts.

Petitioner then brought this habeas corpus action pursuant to 28 U.S.C. § 2254 to obtain relief from his conviction and sentence in the Hamilton County Common Pleas Court to his aggregate ten-year sentence.  Petitioner pleads sixteen grounds for relief that are fully set forth in the Magistrate Judge's Report and Recommendation (Doc. 38). In response to the Petition, the warden filed a 110-page Answer (Doc. 16) and Petitioner filed a 110-page Traverse (Doc. 35).  Petitioner also requests that the Court certify two questions to the Ohio Supreme Court.  (*See* Doc. 41; Doc. 44; Doc. 47; Doc. 51).

## II.    STANDARD OF REVIEW

Federal Rule of Civil Procedure 72(a) provides that a district judge shall consider a party's objections to a magistrate's order on non-dispositive matters and "shall modify

3

or set aside any portion of the magistrate's order found to be clearly erroneous or contrary to law."  As this Court has previously recognized, the clearly erroneous standard "mandates that the district court affirm the magistrate's decision unless, on the entire evidence, it 'is left with the definite and firm conviction that a mistake has been committed.'  In the absence of clear error, the magistrate's order must stand."  *Bank One Columbus, Ohio, N.A. v. First Financial Ventures, LLC*, No. 2:01CV0049, 2001 WL 840310, *3 (S.D. Ohio July 5, 2001) (quoting *Farley v. Farley*, 952 F. Supp. 1232, 1235 (M.D. Tenn. 1997) (internal citations omitted).

When objections are received to a magistrate judge's Report and Recommendation on a dispositive matter, the assigned district judge "shall make a de novo determination . . . of any portion of the magistrate judge's disposition to which specific written objection has been made . . . ."  Fed. R. Civ. P. 72(b).  After review, the district judge "may accept, reject or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions."  *Id.  See also* 28 U.S.C. § 636(b)(1)(B).  General objections are insufficient to preserve any issues for review; "[a] general objection to the entirety of the magistrate's report has the same effects as would a failure to object."  *Howard v. Secretary of Health and Human Services*, 932 F.2d 505 (6th Cir. 1991).

**III.     R&R ON PETITION FOR WRIT OF HABEAS CORPUS (DOCS. 38, 45)**

**A.     Summary of Controlling Law**

In the original Report and Recommendation, the Magistrate Judge fully and correctly summarized the laws that control Petitioner's claims.  (Doc. 38).  Rather than

restate that law here, the Court incorporates the controlling law by reference and recites the applicable law where necessary in the below analysis.

**B.**   **Analysis**

    **1.**   **Ground one**

Petitioner alleges that his first re-sentencing in the Ohio trial court occurred before the Ohio Supreme Court had issued its mandate of remand.  Petitioner claims that without the mandate of remand, the trial court lacked jurisdiction to sentence him. The Magistrate Judge recommends denial of this claim for relief because the claim is procedurally defaulted and not cognizable in habeas corpus.

The Court will first address the Magistrate Judge's recommendation that Ground One be denied as procedurally defaulted because it was not properly raised by Petitioner on direct appeal.  Petitioner argues that he raised the "mandate rule" issue for the first time before he was re-sentenced, citing to the Transcript of Hearing on Re-Sentencing (Doc. 16-12, PageID # 1424).  As the Magistrate Judge correctly stated, Petitioner's use of the word "jurisdiction" at the place cite indicates that he is arguing that the trial court did not have subject-matter jurisdiction because the indictment had been changed without taking the case back to the grand jury.  Nothing is said about the mandate.

Petitioner also argues that he raised the mandate issue on the "Application for Reconsideration" under Ohio R. App. P. 26(A).  However, the Court of Appeals denied the motion for reconsideration.  The purpose of Rule 26(A) is not to raise new arguments that could have been presented on appeal but were not; instead, its purpose

is to provide a mechanism to challenge an obvious error or an unsupportable decision under the law.  *City of Columbus v. Peoples*, No. 05AP-247, 2006 Ohio App. LEXIS 2430, at *2 (Franklin App. May 25, 2006).  When Petitioner subsequently appealed the "mandate rule" argument to the Ohio Supreme Court, the argument had not been considered by the state Court of Appeals because Petitioner did not present it on his direct appeal even though he could have done so.  The Supreme Court declined to take jurisdiction of the appeal.  Although it was silent as to its reasons for doing so, federal courts may assume that the state court would have enforced any applicable procedural bar in denying the requested relief.  *Bonilla v. Hurley*, 370 F.3d 494, 497 (6th Cir. 2004). The Court therefore agrees with the Magistrate Judge that Ground One is procedurally defaulted.

Petitioner appears to argue, however, that any procedural default is excused because the failure to follow the mandate rule constitutes a "fundamental defect which inherently results in a complete miscarriage of justice [or] an omission inconsistent with the rudimentary demands of fair procedure.'"  *Hickman v. Ryan,* No. CV062990, 2009 U.S. Dist. LEXIS 111206, at *39 (D. Ariz. Aug. 31, 2009) (internal quotations omitted). However, this "exception to the procedural default rule is limited to habeas petitioners who can establish that a 'constitutional violation has probably resulted in the conviction of one who is actually innocent.'"  *Id.* (quoting *Schlup v. Delo*, 513 U.S. 298, 321, 115 S. Ct. 851 (1995)).  For this argument to hold weight, Petitioner must support his allegations of constitutional error with "new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eye-witness accounts, or critical physical evidence – that was not presented at trial."  *Id.* (internal quotations omitted).   There is no evidence or

6

argument on record here that would support a finding of a constitutional violation that has probably resulted in the conviction of someone who was actually innocent of the offenses at issue.  In fact, Petitioner has pled guilty to the offenses.  This exception is therefore inapplicable.

Even assuming that Ground One is not procedurally defaulted, the Court agrees with the Magistrate Judge that Ground One should be dismissed with prejudice because it is not cognizable in federal habeas corpus.  The Magistrate Judge correctly points out that this claim raises a question of Ohio law about the type of process that must issue from an Ohio appellate court to remand a case to an Ohio trial court.  It is for an Ohio court to decide whether it is permissible under Ohio law to sentence an individual in anticipation of a mandate.  "Federal habeas corpus relief does not lie for errors of state law. . . . [I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions."  *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991).

Petitioner suggests, however, that the issue in Ground One is a federal constitutional, not a state law, issue because without a mandate of remand the state court lacked jurisdiction to sentence him.  Petitioner claims that a lack of state court jurisdiction is reviewable by a federal court on a habeas corpus petition.  *Reed v. Farley*, 512 U.S. 339, 354 n.13, 114 S. Ct. 2291 (1994); *United States v. Addonzio*, 442 U.S. 178, 185, 99 S. Ct. 2235 (1979); *Yellowbear v. Wyoming Atty. Gen.*, 525 F.3d 921, 924 (2008).   To the extent that Petitioner is arguing that a state court's lack of subject-matter jurisdiction is reviewable by a federal habeas court, he is correct.  *See Ex parte Watkins*, 28 U.S. 193, __ S. Ct. __ (1830).  Subject-matter jurisdiction goes to the power

7

of a court to adjudicate a case on the merits. *Pratts v. Hurley*, 102 Ohio St. 3d 81, 83 (2004). If a state court acts without subject-matter jurisdiction over a claim, then any proclamation by that court with respect to that claim is void. *Id.* at 83-84. There is a distinction, however, "between a court that lacks subject-matter jurisdiction over a case and a court that improperly exercises that subject-matter jurisdiction once conferred upon it." *Id.* at 83.

In *Pratts*, a case relied upon by Petitioner, the Ohio Supreme Court addressed the distinction. *Id.* In that case, the Ohio Supreme Court considered whether the failure of a court to convene a three-judge panel, as required by Ohio Rev. Code Ann. § 2945.06 deprived a court of subject-matter jurisdiction so as to render the trial court's judgment void and subject to collateral attack in habeas corpus. *Id.* at 83-89. The Court held that although Section 2945.06 mandated the use of a three-judge panel when a defendant was charged with a death-penalty offense and waived the right to a jury, the failure to convene such a panel did not divest a court of subject-matter jurisdiction so that a judgment rendered by a single judge was void. *Id.* at 88. Instead, it constituted an error in the court's *exercise* of its jurisdiction over a particular case, for which there was an adequate remedy at law by way of direct appeal. *Id.* at 88-89. Thus, the defendant was not entitled to habeas corpus relief. *Id.*

Here, the Magistrate Judge correctly found that the Hamilton County Common Pleas Court had subject-matter jurisdiction over the felony offenses of which Petitioner was convicted because Ohio Common Pleas courts have exclusive subject-matter jurisdiction over felonies committed within their counties. Thus, the judgment is not void.

8

The error about which Petitioner complains is instead one regarding an alleged improper *exercise* of the trial court's jurisdiction over Petitioner's felony charges.  If the Ohio trial court made an error in the exercise of its jurisdiction by sentencing Petitioner before it received the official mandate of remand, then that error could have been corrected on direct appeal.  The error, however, did not render Petitioner's sentence void and subject to collateral attack.  A state court "cannot be said to have a federal due process obligation to follow all of its procedures; such a system would result in the constitutionalizing of every state rule and would not be administratable."  *Levine v. Torvik*, 986 F.2d 1506, 1515 (6th Cir. 1993).

For the foregoing reasons, the Court adopts the Magistrate Judge's recommendation that Ground One be dismissed as procedurally defaulted and on its merits.

### 2.    Ground two

Petitioner asserts that the sentence imposed on him on remand, following *Foster*, 109 Ohio St. 3d at 1, violates his rights "as applied" under the *Ex Post Facto* Clause of the United States Constitution.  The Magistrate Judge recommends that Ground Two be dismissed with prejudice on the merits.

First, the Magistrate Judge correctly states that Defendant received precisely the same sentence both before and after *Foster*.  The key question in the *ex post facto* analysis is whether the punishment being imposed is more severe than the punishment assigned to the act when the act to be punished occurred.  *United States v. Reese*, 71 F.3d 582, 590 (6th Cir. 1995).  Here, the statutory maxima for the crimes of which Petitioner was convicted were unaffected by *Foster*.  Petitioner also was subject to

9

consecutive sentences to be imposed by the trial court both pre- and post-*Foster*.
Therefore, Petitioner's punishment on re-sentencing was not more severe than before.

Second, the Magistrate Judge correctly found that this Court has repeatedly held
that the severance decision in *Foster* does not violate the *Ex Post Facto* Clause.  *See,
e.g.*, *Smith v. Cook*, No. 3:08cv107, 2008 U.S. Dist. LEXIS 118639, at *22 (S.D. Ohio
Aug. 27, 2008); *Parker v. Warden*, No. 3:08CV322, 2008 WL 4547490, at *3 (S.D. Ohio.
Oct. 10, 2008); *Hooks v. Sheets*, No.1:07CV520, 2008 U.S. Dist. LEXIS 77612, at *13-
14 (S.D. Ohio Oct. 3, 2008), *aff'd,* 603 F.3d 316 (6th Cir. 2010); *Ruhlman v. Warden*,
No. 1:08CV163, 2009 U.S. Dist. LEXIS 101820, at *1-2 (S.D. Ohio, Nov. 2, 2009).  The
Ohio Supreme Court has reached the same conclusion.  *State v. Elmore*, 122 Ohio St.
3d 472 (2009).

Third, Petitioner's objections to the Magistrate Judge's recommendation on
Ground Two (Doc. 45, pp. 7-10) do not show that his sentencing under *Foster* violates
the *Ex Post Facto* clause.  Petitioner improperly relies on *Oregon v. Ice*, 555 U.S. 160,
129 S.Ct. 711, 716-20 (2009) to show an *ex post facto* violation.  *Ice* does not hold, or
otherwise suggest, that the *Foster* remedy is unconstitutional.  In fact, *Ice* simply
confirms that a judge has the power to impose consecutive sentences for multiple
offenses based on facts found by him rather than by a jury.  *Id.  Ice* is therefore of no
assistance to Petitioner here.

Petitioner's argument that *United States v. O'Brien,* 130 S. Ct. 2169 (2010) is
controlling here is also without merit.  Contrary to Petitioner's argument, *O'Brien* did not
hold that a jury trial is required on any fact-finding that increases the statutory minimum
sentence.  Instead, in *O'Brien*, the United States Supreme Court considered the specific

10

situation of whether the machine gun provision of an Ohio criminal statute, which is not at issue here, was an element of the crime to be presented to a jury and proved beyond a reasonable doubt, or was a sentencing factor to be considered by the judge.  *Id.* at 2172.  The Court held that the machine gun provision was an element of the crime to be proved beyond a reasonable doubt.   *Id.* at 2180.  One of the considerations relied upon by the Court was that if the machine gun provision applied, then the minimum sentence would be increased six-fold.  *Id.* at 2177.  The substantial increase in the minimum sentence when a machine gun was used suggested that the use of a machine gun was a separate substantive crime.  *Id.*  *O'Brien* did not make all sentencing factors elements of a crime to be considered by a jury, and here, Petitioner does not allege that there was a specific sentencing factor contained in the statute that should have been considered as an element of a charged offense.  There also is nothing in *O'Brien* that suggests that a jury trial is necessary for the imposition of consecutive sentences (and, in fact, *Ice* holds otherwise).  *O'Brien* therefore does not support Petitioner's arguments.

For the foregoing reasons, this Court adopts the Magistrate Judge's recommendation that Ground Two be dismissed with prejudice on the merits.

### 3. <u>Ground three</u>

Petitioner asserts that the sentence deprives him of his rights to merge sentences under Ohio Revised Code § 2941.25 and the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution.

The Magistrate Judge recommends denial of the first portion of the claim as not cognizable in federal habeas corpus because it raises an issue of state law under Ohio

Revised Code § 2941.25.  The Court agrees with the Magistrate Judge's analysis and will not reiterate that reasoning here.  Accordingly, Ground Three is denied with prejudice as to the right to merge sentences under Ohio Revised Code § 2941.25.

As to the Double Jeopardy claim, the Magistrate Judge first recommends that it be dismissed with prejudice as procedurally defaulted because it was not fairly presented to the state courts.  To be fairly presented to the state courts, a claim must have been presented in a way that provides the court with an opportunity to remedy the asserted constitutional violation, including presenting both the legal and factual basis of the claim.  *Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006); *Levine*, 986 F.2d at 1516; *Riggins v. McMacking*, 935 F.2d 790, 793 (6th Cir. 1991).  The Court looks to four areas to determine if the claim was fairly presented: (1) whether Petitioner phrased the federal claim in terms of the pertinent constitutional law; (2) whether Petitioner relied on federal cases employing the constitutional law analysis in question; (3) whether Petitioner relied on state cases employing the federal constitutional analysis in question; or (4) whether Petitioner alleged facts well within the mainstream of the pertinent constitutional law.  *Hicks v. Straub*, 377 F.3d 538 , 553 (6th Cir. 2004) (citing *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000)).

Under the above standard, this Court cannot agree that Petitioner's Double Jeopardy claim was not fairly presented to the state courts.  Although Petitioner did not expressly mention the Double Jeopardy Clause at pages 11-12 of his Appellant's Brief (Doc. 16-2, PageID # 659) on direct appeal of his re-sentencing, Petitioner did reference the Fifth Amendment along with Ohio Revised Code § 2941.25.  While that one reference to the Fifth Amendment alone may be insufficient to fairly present a claim to

12

the state court, Petitioner further supports his Fifth Amendment reference with a citation to *State v. Johnson*, 6 Ohio St. 3d 420 (1983) in which the Ohio Supreme Court analyzed the issue of lesser included offenses under the Double Jeopardy Clause and Ohio Revised Code § 2941.25,[1] and to *State v. Childs*, 88 Ohio St. 3d 558 (2000)) in which the Ohio Supreme Court considers the Double Jeopardy Clause along Ohio Revised Code § 2941.25. Petitioner also raised the Fifth Amendment issue in conjunction with the Ohio statute in his Memorandum in Support of Jurisdiction on his delayed appeal, citing again to *Childs,* 88 Ohio St. 3d 558. (Doc. 16, Ex 62, PAGEID # 831; Doc. 16, Ex. 63, PAGEID # 905).

Under similar circumstances in *Palmer v. Haviland*, No. C-1-04-28, 2006 U.S. Dist. LEXIS 95890, at *13-17 (S.D. Ohio May 11, 2006), *aff'd* 273 Fed. Appx. 480 (6th Cir. Apr. 9, 2008), this Court held that a petitioner had fairly presented his double jeopardy claim by citing an Ohio Supreme Court decision that analyzed Ohio Revised Code § 2941.25 in light of the federal double jeopardy clause. *Palmer*, 2006 U.S. Dist. LEXIS 95890, at *13-17. Based on *Palmer*, the Court declines to dismiss Petitioner's double jeopardy claim on the ground that he did not fairly present it in the state courts. The Court therefore will reach the merits of the question of whether the Double Jeopardy Clause was violated by the imposition of consecutive sentences on two counts of theft, two counts of identify fraud, and one count of engaging in a pattern of corrupt activity.

The Magistrate Judge recommends dismissal of Ground Three on its merits

---

[1] Petitioner also cited to *Johnson* in his re-sentencing memorandum where he argued that he would be punished more than once for the same conspiracy. (Doc. 16-2, Ex. 40, PageID # 578).

because the Double Jeopardy claim fails to satisfy the test set forth in *Blockburger v. United States*, 284 U.S. 299 (1932).  The *Blockburger* test for whether two offenses constitute the same offense for the purpose of the Double Jeopardy Clause is "whether each offense contains an element not contained in the other."  *Id.*  The Magistrate Judge concluded that because the three offenses at issue – identity fraud under Ohio Revised Code § 2913.49(B)(1), theft under Ohio Revised Code § 2913.02, and engaging in a corrupt enterprise under Ohio Revised Code § 2913.51 – each plainly has an element not contained in the other, there is no Double Jeopardy Clause violation in charging a person with each of those crimes even if they arise out of the same incident.  Petitioner has pointed the Court to no cases that hold otherwise.

Petitioner argues that the *Blockburger* test is not the appropriate test to apply here.  Petitioner relies on *Fortner v. Warden*, No. 2:09CV977, 2010 U.S. Dist. LEXIS 43779, at 13-17 (S.D. Ohio May 5, 2010) in order to allege that the elements of the crimes should be compared in the abstract and if one crime cannot necessarily be committed without the other, then they are allied offenses of similar import.  Petitioner's argument is flawed, and therefore rejected, because the *Fortner* court articulated the standard for reviewing multiple convictions under Ohio Revised Code § 2941.25, not under the Double Jeopardy Clause of the United States Constitution.

The Court further rejects Petitioner's argument that the trial court "chopped various components of a single pattern (of corrupt activity [racketeering]), into separate patterns."  (Doc. 35, p. 30).   As the Magistrate Judge correctly pointed out, Petitioner was convicted only once for engaging in a corrupt enterprise and received only one sentence for that conviction.  The theft and identify fraud against the two separate

14

victims together established the "pattern" element that is required to prove the crime.  In other words, only a single pattern was found, and Petitioner was convicted and sentenced only one time on the basis of that single pattern.  For the above reasons, the Court adopts the Magistrate Judge's recommendation that Ground Three be dismissed with prejudice on its merits.

### 4.  Ground four

In Ground Four, Petitioner claims that the Ohio sentencing scheme as it stands after *Foster* deprives him of his right to a jury trial on enhancing facts.  The Magistrate Judge recommends dismissing Ground Four with prejudice on the merits.   Petitioner does not raise any new objections that need to be addressed here.  The Court finds that the Magistrate Judge's analysis is correct and therefore adopts the recommendation that Ground Four be dismissed with prejudice on the merits.

### 5.  Ground five

In Ground Five, Petitioner asserts that he was denied substantive and procedural due process when the trial court did not conduct a hearing on his request to withdraw his guilty plea when the case was remanded for re-sentencing after the *Foster* decision. The Magistrate Judge recommends denying Ground Five on its merits.  Petitioner does not raise any new objections that need to be addressed here. The Court finds that the Magistrate Judge's analysis is correct and therefore adopts the recommendation that Ground Five be dismissed with prejudice on the merits.

### 6.  Ground six

Petitioner claims that he was denied his substantive and procedural due process

rights when he was subjected to "mechanical" sentencing for engaging in a pattern of corrupt activity.  He claims that the court should have considered his individual culpability before imposing a sentence on him.   The Magistrate Judge recommends dismissing Ground Six on the merits.  Petitioner does not raise any new objections that need to be addressed here.  The Court finds that the Magistrate Judge analysis is correct and therefore adopts the recommendation that Ground Six be dismissed with prejudice on its merits.

       **7.**    **Ground seven**

Petitioner claims the benefit of the rule of lenity, arguing that this rule entitles him to minimum, concurrent sentences.  The Magistrate Judge recommends dismissing Ground Seven on its merits because there is no law that requires that a criminal defendant be warned that a state supreme court may apply a United States Supreme Court precedent in a way the defendant did not expect, especially when the elements of the crimes and the statutory maximum penalties for the crimes are the same before and after the decision.  Petitioner does not raise any new objections that need to be addressed here.  The Court finds that the Magistrate Judge's analysis is correct and therefore adopts the recommendation that Ground Seven be dismissed with prejudice on its merits.

       **8.**    **Ground eight**

Petitioner argues that *Foster* renders his guilty plea involuntary because it created a retroactive change in sentencing criteria.   Petitioner does not raise any new objections that need to be addressed here.  The Court finds that the Magistrate Judge's

16

analysis was correct and therefore adopts the recommendation that Ground Eight be dismissed with prejudice on its merits.

### 9.    Ground nine

Petitioner complains that the trial court violated both his Equal Protection rights and his Fourteenth Amendment "mandate rule" rights when it imposed the sentence it did on remand.  Petitioner does not raise any new objections that need to be addressed here.  The Court finds that the Magistrate Judge's analysis is correct and therefore adopts the recommendation that Ground Nine be dismissed with prejudice on its merits.

### 10.    Ground ten

In Ground Ten, Petitioner asserts that the trial court violated his due process rights by permitting amendment of the indictment and that his counsel provided ineffective assistance of counsel when he did not object.   In Petitioner's supplemental objections, he relies on *State v. Rohrbaugh*, 126 Ohio St. 3d 421, 423 (2010), in support of his argument that the indictment was not properly amended.  In *Rohrbaugh,* the Ohio Supreme Court held that the amendment of the indictment to change the charge of breaking and entering to a charge of receiving stolen property changed the name or identity of the crime charged in violation of Crim. R. 7(D) and that the error affected the outcome of the trial.  *Id.*  However, the defendant was sufficiently informed of the charges of the indictment because he was represented by counsel, signed a statement that said he had reviewed and understood the indictment, negotiated for the amended indictment, and plead guilty to the amended to charge.  *Id*. at 424.  Therefore, the Court held that the amendment to the indictment was not reversible plain error because there

17

was no miscarriage of justice.   *Id.* at 423-24.

Here, Petitioner pled guilty to the amended charge, did not object to the amendments, indicated at the plea hearing that he understood the charged, and was represented by counsel.  Petitioner alleges he was prejudiced by the change, but provides no explanation of how he was prejudiced.   The Court therefore finds that the Magistrate Judge's analysis is correct and adopts the recommendation that Ground Ten be dismissed with prejudice on the merits.

### 11.   <u>Ground eleven</u>

In ground Eleven, Petitioner combines claims under the Fourth and Sixth Amendments.  He claims that the search warrant affidavit was perjured and that the warrant should therefore have been quashed.  He also claims that his attorney would have uncovered sufficient evidence to quash the search warrant if he had he provided effective assistance.

The Magistrate Judge found that this ground for relief was procedurally defaulted because he failed to present it to the state court within the time allowed under Ohio law. There was never a hearing on a motion to suppress evidence against him on grounds of a perjured affidavit, and his counsel declined to join in such a motion filed by a co-defendant.  Petitioner also attempted to present his ineffective assistance of trial counsel claim related to the Fourth Amendment in a petition for post-conviction relief under Ohio Revised Code § 2953.21, which was denied as untimely.   The Ohio Supreme Court ultimately affirmed the judgment of the trial court, which denied the post-conviction petition as untimely, and refused to issue findings of fact and conclusions of law.

18

None of the cases cited by Petitioner are applicable here.  Petitioner cites to *Cone v. Bell*, __ U.S. __, 129 S. Ct. 1769, 1781 (2009) for his position that his claim is not procedurally barred.  In *Cone*, the Court stated that "when a petitioner fails to raise his federal claims in compliance with relevant state procedural rules, the state court's refusal to adjudicate the claim ordinarily qualifies as an independent and adequate state ground for denying federal review."  *Id.* at 1780.  In that particular case, the Court determined that the petitioner's claim was not procedurally defaulted because the state appellate courts declined to review the merits of the case since it had already been reviewed.  *Id.*  That is not the case here.  The state appellate courts declined to review Petitioner's claim because it was untimely, not because the merits of his claim had already been reviewed.  Thus, *Cone* does not support Petitioner's argument.

Petitioner also cites to *Bradford v. Lazaroff*, 37 Fed. Appx. 170 (6th Cir. 2002) in support of his argument that Ground Eleven is not procedurally defaulted.  In that case, the court addressed whether the petitioner's federal habeas corpus petition was filed within the statute of limitations.  *Id.* at 180.  The court concluded that the federal habeas corpus petition was timely because the statute of limitations had been tolled when the petitioner filed a habeas corpus petition in the state court, even though the Ohio Court of Appeals rejected the claim as procedurally defaulted.  *Id.*  The issue here is not whether Petitioner timely filed his federal habeas corpus petition but rather whether Petitioner properly presented his claims in state court.  *Bradford* therefore does not apply.

*Rodriquez v. Quarterman*, 535 F. Supp. 2d 820 (S.D. Tex. 2007) also is inapplicable.  The citation Petitioner references states that when state habeas relief is

19

denied without written opinion, federal habeas courts assume that the state court applied proper, clearly established federal law. Here, the court of appeals issued an opinion, as did the Ohio Supreme Court, in which Petitioner's decision was denied as untimely. It is clear that Petitioner's appeal was not adjudicated on its merits because it was not timely filed.

Petitioner also cites *State v. Fischer*, 181 Ohio App. 3d 758 (Summit Cty. 2009), in which the court found that despite a sentence being deemed void, the jurisdiction on appeal after re-sentencing was limited to issues raised on the re-sentencing. The case is currently pending in the Ohio Supreme Court, Case No. 2008-847. Petitioner appears to argue that the Ohio Supreme Court's acceptance of the appeal shows that he timely submitted Ground Eleven to the Court of Appeals in his post-conviction petition because the 180-day period under Ohio Revised Code § 2923.21 did not start to run on any of the errors from the original trial and sentencing until after he appealed from the re-sentencing. Not only does *Fischer* not address the interpretation of Ohio Rev. Code § 2953.21, but to the extent that it does, interpretation of that section is a question of state law for determination by the state courts. The Ohio Court of Appeals and the Ohio Supreme Court had the opportunity to rule on the issue and they denied the post-conviction appeal as untimely. "[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." *Estelle*, 502 U.S. at 67-68.

For the foregoing reasons and for the reasons set forth by the Magistrate Judge, the Court adopts the recommendation that Ground Eleven be dismissed with prejudice as procedurally defaulted.

### 12.    Ground twelve

In Ground Twelve, Petitioner asserts that his trial counsel provided ineffective assistance when he failed to request exculpatory evidence.  The claim was presented to the state court for the first time as part of Petitioner's post-conviction relief petition under Ohio Rev. Code. § 2953.21.  For the same reasons set forth in Ground Eleven above and by the Magistrate Judge, the Court adopts the recommendation that Ground Twelve be dismissed with prejudice as procedurally defaulted.

### 13.    Ground thirteen

Petitioner claims that he received ineffective assistance of appellate counsel when counsel failed to assign as error that the judgement entry of June 11, 2007 was not a final appealable order in that it did not conform to Ohio Crim. R. 32(C).  The Magistrate Judge recommended dismissing the claim on the merits because the Court of Appeals decision on this point was not objectively unreasonable application of clearly established federal law.  Petitioner does not raise any new objections that need to be addressed here.  The Court finds that the Magistrate Judge's analysis is correct and therefore adopts the recommendation that Ground Thirteen be dismissed with prejudice on its merits.

### 14.    Ground fourteen

Petitioner asserts that he received ineffective assistance of appellate counsel in that his appellate counsel did not make a claim that the *Foster* remedy violated Petitioner's due process and *ex post facto* rights.  The Magistrate Judge concluded that this claim was precluded by the finding of the Ohio Court of Appeals that these claims

were in fact not omitted from the direct appeal, but instead had been rejected on the merits.  Petitioner does not raise any new objections that need to be addressed here. The Court finds that the Magistrate Judge's analysis is correct and therefore adopts the recommendation that Ground Fourteen be dismissed with prejudice on the merits.

### 15.    Ground fifteen

Petitioner argues that he received ineffective assistance of appellate counsel when his appellate counsel failed to argue for merger of his conviction under Ohio Revised Code § 2941.25 and failed to raise a Double Jeopardy claim.  The Magistrate Judge concluded that the claim would have been barred by *res judicata* and that it therefore was not ineffective assistance of appellate counsel to fail to raise it on the appeal.  Petitioner does not raise any new objections that need to be addressed here. The Court finds that the Magistrate Judge's analysis is correct and therefore adopts the recommendation that Ground Fifteen be dismissed with prejudice on the merits.

### 16.    Ground sixteen

Petitioner argues that he received ineffective assistance of appellate counsel when his appellate counsel failed to raise as an assignment of error the failure of the trial court to apply the rule of lenity.  The Magistrate Judge concluded that this ground, like Ground Fourteen, was raised and rejected on the merits by the Court of Appeals. Petitioner does not raise any new objections that need to be addressed here.  The Court finds that the Magistrate Judge's analysis is correct and therefore adopts the recommendation that Ground Sixteen be dismissed with prejudice on the merits.

## IV.    ORDER ON MOTION TO CERTIFY (DOCS. 44, 47)

The Court finds that the Magistrate Judge correctly denied Petitioner's Motion to Certify.  Ohio S. Ct. Prac. R. XVIII is Ohio's adopted form of the Uniform Certification of Questions of Law Act.  Section 1 of the Rule provides:

> The Supreme Court may answer a question of law certified to it by a court of the United States.  This rule may be invoked when the certifying court, in a proceeding before it, issues a certification order finding there is a question of Ohio law that may be determinative of the proceeding and for which there is no controlling precedent in the decisions of this Supreme Court.

As the Magistrate Judge stated in his orders, the questions posed by Petitioner are not appropriate for certification under this Rule.   First, they are not questions of law, but mixed questions of law and fact.  Second, the questions posed are, in part, questions of federal constitutional law.  For these reasons and for the specific reasons set forth by the Magistrate Judge, the Court adopts the Magistrate Judge's decision denying certification.

## V.    CONCLUSION

Having reviewed the matter in accordance with Fed. R. Civ. P. 72, the Court finds the Magistrate Judge's recommendations to be correct.  Accordingly, it is ordered that:

1.    The Report and Recommendations of the Magistrate Judge (Doc. 38) and the Supplemental Report and Recommendations of the Magistrate Judge (Doc. 45) are hereby **ADOPTED**.

    a.    Petitioner's Objections (Docs. 42 and 51) are **OVERRULED**.

    b.    Petitioner's Petition for Writ of Habeas Corpus is **DISMISSED WITH PREJUDICE**.

    c.    Petitioner is **DENIED** leave to appeal *in forma pauperis*.

23

        d.      Petitioner is **DENIED** a certificate of appealability.

2.     The Decision and Order Denying Motion to Certify (Doc. 44) and the Supplemental Memorandum Opinion on Motion to Certify (Doc. 47) are hereby **ADOPTED**.

        a.      Petitioner's Objections (Docs. 48 and 50) are **OVERRULED**.

        b.      Petitioner's Motion to Certify is therefore **DENIED**.

3.     This case shall be **CLOSED** and **TERMINATED** from the docket.

**IT IS SO ORDERED.**

 

                                  */s/ Michael R. Barrett* _____
                                  Michael R. Barrett, Judge
                                  United States District Court